FEDERACION DE EMPLEADOS DEL TRIBUNAL GENERAL DE JUSTICIA, et al., Plaintiffs,

v.

Eulalio A. TORRES, et al., Defendants.

Civ. No. 81–0945.

United States District Court, D. Puerto Rico.

Jan. 8, 1982.

---

José E. Carreras Rovira, Carreras, Acevedo & Farinacci, Hato Rey, P. R., for plaintiffs.

René Santiago, Legal Director, Office of Court Administration, for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

This is a civil rights action [1] wherein the Plaintiffs are the Federación de Empleados del Tribunal General de Justicia (hereinafter "Federación"),[2] and fourteen employees of the judiciary branch of the Commonwealth of Puerto Rico who were either suspended or discharged from their employment.

The pertinent factual allegations of the complaint are that on August 1, 1980, Plaintiffs participated in a concerted activity organized by the Federación in front of the building housing the Supreme Court of Puerto Rico to protest their working conditions as employees of the judiciary and to demand better terms and conditions of employment. Also, that Plaintiff Miguel de Jesús Rodríguez carried a placard during said protest with written words which placed responsibility upon the Courts' Administration for the death of People's witness Grisselle González Ortiz, better known as "Jessica."

It is further alleged that on or about February 24, 1981, Codefendant Eulalio Torres, Administrator of the Courts, sent a letter to each Plaintiff [3] notifying them that an administrative investigation had been carried out as to their conduct as employees, and that said investigation revealed that they had incurred in negligent and improper conduct in the performance of their duties, specifying that said conduct consisted in their having abandoned their work on August 1, 1980 to attend the activity celebrated by the Federation before the Supreme Court building and through the streets of San Juan, and in their having attended said activity notwithstanding their having been warned that they were not authorized to leave their work because their services were needed. As to some of the Plaintiffs the charges were of a more serious nature, such as in the case of Luis M. Pérez Rodríguez, whose charges included his having been employed as a croupier as well as a croupier supervisor at a casino at the same time he was employed as a Marshal.

---

1. Pursuant to 42 U.S.C. §§ 1981, 1983 and 1985; and 28 U.S.C. §§ 2201 and 2202.

2. A non-profit corporation certified by the Secretary of Labor and Human Resources of the Commonwealth of Puerto Rico as a bona-fide public employee organization pursuant to 3 L.P.R.A. § 702.

3. No letter was sent to the Federación.

Said letters gave Plaintiffs notice of their right to request an informal administrative hearing at which they could express their respective positions as to the charges, make any pertinent allegations and present any documents they wished to present, as well as being represented by counsel.

It is further alleged that Plaintiffs requested said hearings, which were held on March 24–26, and April 30, 1981.

Plaintiffs further allege that they were not confronted with any evidence against them at the informal administrative hearing.

Through letters dated May 8, 1981, Plaintiffs were informed of the administrative decisions which resulted in the imposition of sanctions ranging from a letter of reprimand, including a deduction of wages for the day on which the employee had abandoned his duties without authorization, to the dismissal of one Plaintiff from his employment. They were also notified of their right to appeal said decision, which right they have exercised.

It is Plaintiffs' contention that the actions of Defendants have deprived them of the due process of law and equal protection of the laws guaranteed to them by the Fifth and/or Fourteenth Amendments to the United States Constitution, as well as their right to freedom of speech.

Plaintiffs additionally seek declaratory judgment to the effect that Rule 24 of the Rules for the Administration of the Personnel System of the Judiciary, as well as Article 16 of the Regulations for the Administration of the Personnel System of the Judiciary, 4 L.P.R.A.App. XII and XIII,[4] respectively, are unconstitutional for vagueness and overbroadness.

This case is now before us on Defendants' Motion to Dismiss the complaint for failure to state a claim upon which relief can be granted, and Plaintiffs' opposition thereto.

■ As regards the constitutional challenge to the Rules and Regulations provid-

ing for disciplinary measures, we consider the same frivolous in light of prior decisions of the Supreme Court.

These Rules and Regulations provide that an officer or employee of the Judicial System can only be suspended or removed *for just cause* after formally being charged with an alleged violation and being provided with the opportunity to defend himself and to be heard. They establish that an employee may only be removed for (1) negligence in undertaking one's duties; (2) insubordination; (3) disorderly, immoral, and illegal conduct, or conduct injurious to the Judiciary; (4) conducting or comporting oneself improperly in carrying out one's duties; (5) the abandonment of service without a justifiable cause for five (5) or more consecutive days; or (6) manifest disability, incompetence or ineptness in undertaking one's duties. They further provide that any employee may be suspended for a period of no more than thirty (30) days as a disciplinary measure.

As Defendants have stated in their memorandum of law, the above mentioned rules are less vague or overbroad than the provision considered by the Supreme Court in *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). In *Arnett* the Supreme Court held that 5 U.S.C. § 7501, which authorized removal or suspension without pay, "... for such cause as will promote the efficiency of the service", was neither vague nor overbroad. In *C.S.C. v. Letter Carriers*, 413 U.S. 548, 578–579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973), the Court stated:

"[T]here are limitations in the English Language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest. '[T]he general

---

**4.** Rule 24 and Art. 16, *supra*, both deal with disciplinary measures as regards discharges and suspensions of employees. It was under

these two dispositions that disciplinary action was taken against Plaintiffs.

class of offense to which ... [the provisions are] directed is plainly within [their] terms ..., [and they] will not be struck down as vague, even though marginal cases could be put where doubts might arise.' *United States v. Harriss*, 347 U.S. 612, 618 [74 S.Ct. 808, 812, 98 L.Ed. 989] (1954)."

As regards the alleged violations of Plaintiffs' right to due process of law, we have no doubt that they possess a "property" interest in their expectations of continued uninterrupted employment, and that such an interest must be protected by procedural safeguards.

This means that Plaintiffs had to be provided the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, at 552, 85 S.Ct. 1187, at 1191, 14 L.Ed.2d 62 (1965).

■■■■ Plaintiffs herein were given notice of the charges against them, and were offered the opportunity to be heard prior to any disciplinary measures being imposed. The record abundantly demonstrates that Plaintiffs received an adequate opportunity to be heard. How they chose to exercise it was their affair. *Roslindale Cooperative Bank v. Greenwald*, 638 F.2d 258 (C.A. 1, 1981). Furthermore, Plaintiffs have appealed from the Administrator's imposition of disciplinary measures to the Personnel Board of the Judiciary, where they shall have the opportunity for a full evidentiary hearing and, if not successful there, they may still seek review before the Superior Court.

Generally, the Supreme Court has held that providing some type of pretermination hearing complies with procedural safeguards. The Supreme Court has spoken very sparingly about the requisite procedures needed. *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *North Georgia Finishing Inc. v. Di-Chem, Inc.*, 419 U.S. 601, at 607, 95 S.Ct. 719, at 722, 42 L.Ed.2d 751 (1975).

In *Arnett*, supra, 416 U.S. at 140–145, 94 S.Ct. at 1637–1640, the Court sustained the validity of a limited predeprivation due process hearing for a permanent federal employee who was dismissed. The employee was provided with notice of the charges against him, a reasonable time for filing a written reply to said charges, an opportunity, upon request, for a hearing, and an early written decision. The employee in *Arnett* had a right, after the dismissal to appeal the adverse decision to the appropriate office of the Civil Service Commission. Such a procedure, the Court held, meets constitutional due process standards.

We are compelled to conclude that Plaintiffs' constitutional right to due process has not been abridged.

■■■■ Plaintiffs have also claimed that their First Amendment right to freedom of speech has been violated by Defendants. In examining the constitutional arguments, we begin with the general premise that government employees do not lose their first amendment rights upon entering public service. The government cannot impose unreasonable restrictions on constitutional liberties as a condition for employment. *Keyishian v. Board of Regents*, 385 U.S. 589, 605–06, 87 S.Ct. 675, 684–85, 17 L.Ed.2d 629 (1967); *Pérez Santos v. U.S. Customs*, 642 F.2d 21 (C.A. 1, 1981). While recognizing the rights of employees to comment upon matters of public concern, the U. S. Court of Appeals for the First Circuit has stated that such rights are "[s]ubject to the state's paramount interest as an employer *in promoting the efficiency of the public services it performs through its employees.*" (Emphasis ours). *Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 117 (C.A. 1, 1977). In *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), the Court stated that:

> ... "[t]he state has interests as an employer in regulating the speech of its employees that differs significantly from those it possesses in connection with regulation of the speech of the citizenry in general." Id. at 568, 88 S.Ct. at 1734.

Notwithstanding the above, the allegations made by Plaintiffs in the complaint as to deprivation of their free speech right are merely conclusory, devoid of any factual basis. Plaintiffs would have this Court believe that because they were involved in the August 1, 1980 protest and, because no charges could have been filed against them had they stayed at their worksites performing their duties, that, therefore, the reason why charges were filed and disciplinary measures imposed was the exercise of their alleged free speech right. It is quite apparent from the very allegations of the complaint that Plaintiffs, whether for purposes of exercising their right to free speech or not, abandoned their duties on August 1, 1980, which is sufficient reason to apply disciplinary sanctions against them. Furthermore, at no time have Plaintiffs alleged that any of the charges made against them are false.

For the aforestated reasons, the Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED.